517 P.2d 94

**STATE of Arizona, Appellee,**

v.

**Charles Stephen HART, Appellant.**

**No. 2398.**

Supreme Court of Arizona,
En Banc.

Dec. 28, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, and Louis A. Moore, Jr., Deputy Attys. Gen., Phoenix, for appellee.

Anthony H. Mason, Phoenix, for appellant.

HAYS, Chief Justice.

On June 10, 1971, appellant was arraigned on two charges of robbery. At that time he advised the court of his desire to represent himself and that he would accept the assistance of the Public Defender. The trial began on July 19, 1971, and on the following day a voluntariness hearing was held concerning statements made by appellant to a police officer. The trial court concluded that the statements were admissible and said statements were admitted as evidence at the trial. On July 22, 1971, the jury returned a verdict of guilty on both counts of robbery.

The Maricopa County Public Defender was permitted to withdraw from the case and new counsel was appointed for this appeal. Pursuant to a stipulation between the parties, this Court, on November 1, 1971, suspended the appeal in this matter and remanded the case to the Superior Court. The purpose of said action was for a psychiatric examination of appellant's mental competency to waive his right to counsel and conduct his own defense. Pursuant to our order, the trial court appointed three psychiatrists to examine appellant. After receipt of these reports, the

trial judge, on May 5, 1973, found that appellant was mentally competent at the time of the trial to waive his right to counsel. On June 10, 1973, this Court, having received the trial court's Order and Finding of Fact, terminated the prior suspension of the appeal and this appeal followed.

Two issues are presented to us for resolution: Appellant contends that it was reversible error for the trial court not to make a specific finding of voluntariness at the conclusion of the voluntariness hearing. The second prong of appellant's attack is that appellant did not make a knowing and intelligent waiver of his right to counsel. For the reasons that follow, we reject these contentions and affirm the judgments of conviction.

At the conclusion of the voluntariness hearing, the trial court did not invoke the required litany and specifically find appellant's statements to be voluntary. Indeed, such an error has compelled this Court to reverse and order a new trial in other cases. State v. Ramos, 108 Ariz. 36, 492 P.2d 697 (1972). The facts of the instant case make the rule in *Ramos, supra,* inapplicable here. The officer went to see the appellant at his place of work. Upon his arrival he asked where he could find the appellant. The officer was told that appellant had not yet arrived. The officer did not know that the person to whom he was speaking was indeed the appellant. After having deceived the officer, the appellant left the store. The officer then proceeded outside to a parking lot and waited for another employee to arrive. The officer had been told that appellant drove to work with this employee and·that false information had come from appellant himself.

The officer asked the employee where appellant could be found. She replied that he should be there at work. The officer then described the person with whom he talked and she informed him that that person was appellant. According to the employee's statements, the officer turned and said, "I kinda thought so." Appellant argues that the officer had a description of appellant prior to his going to the place of work; that appellant stood up while they talked, thus giving the officer a good view of appellant, and therefore the officer had probable cause to believe that the person to whom he was speaking was the appellant. The effect of these factors, argues the appellant, is the creation of a custodial situation requiring the giving of the *Miranda rights.* Accordingly, if the statements made by appellant were done so in a custodial situation, the failure of the trial court to make a specific finding of voluntariness was reversible error. *Ramos, supra.*

The fatal error in appellant's conclusion is that it subsumes the issue of the conversation's being custodial. With that we disagree. The mental hunch of a police officer can not and will not be equated with the invocation of the criminal accusatory process. The conversation between appellant and the police officer did not take place in a custodial situation. Therefore, the trial court did not err in failing to make a specific finding of voluntariness as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The second issue raised by appellant concerns his waiver of the right to counsel. Appellant argues that the trial court gave inconsistent advice to appellant concerning his relationship with the Public Defender, and the record is not clear that appellant made a specific waiver of the right to counsel. A reading of the entire record indicates that appellant made an intelligent waiver of his right to counsel. Appellant stated that he wished to represent himself and that he would accept the assistance of the Public Defender. The trial judge was exacting in his efforts to clarify the role of the Public Defender in the case, and appellant indicated to the

court that he understood that he, the appellant, was ultimately responsible for any decisions made concerning his defense. Finally, the Public Defender made the opening and closing remarks for appellant, cross-examined witnesses and presented motions on his behalf. Appellant asked only a few questions of one witness and even then the Public Defender continued the examination.

Appellant knew that he had the option of being represented by counsel but for his own reasons chose not to exercise that option. Yet, having made that choice, all but a minute portion of the defense was handled by counsel. The record does not support appellant's claim that he did not make a knowing and intelligent waiver of the right to counsel.

Judgments affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.